[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF NEW HAVEN'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Frank Bellucci and Barry Bonner, have brought these separate but now consolidated lawsuits against the City of New Haven. The actions arise out of a motor vehicle accident which occurred on February 24, 2000. At the time of that accident, the plaintiffs were employees of the City of New Haven Department of Parks and Recreation and were the driver and passenger in a 1987 Ford 350, 2 Door Truck owned by the City and bearing Connecticut Registration Number 485 NH. The truck had been CT Page 12870 fitted with a 2 1/2 yard dump with a load capacity of 2 1/2 tons and had a gross vehicle weight of 12,000 lbs.
The plaintiffs allege that they were struck by another vehicle, and that they: sustained injuries as a result. They further allege that the tortfeasor's vehicle was uninsured, and they contend that the defendant City is obligated to provide them with uninsured motorist coverage for their injuries. The City had filed an answer and special defenses in each case, and the trial had been delayed by mutual agreement in anticipation of our Supreme Court's issuing a decision in a case with similar facts.
The Supreme Court decided that case, Willoughby v. New Haven,254 Conn. 404 (2000), just a few weeks before the scheduled start of jury selection in these cases, and the defendant has now moved for summary judgment. It contends that in accordance with the Supreme Court's holding in Willoughby, it is not required to provide uninsured/underinsured motorist coverage to the plaintiffs, whose case therefore fails as a matter of law.[1]
 Willoughby involved a very similar fact pattern, including the fact that the vehicle in question was also a Ford 350. In Willoughby,
however, the vehicle had been fitted with an ambulance package and was used to transport emergency medical personnel and supplies, while the vehicle in the present cases had been outfitted as a dump truck and was used by the City's Parks and Recreation Department. Willoughby involved underinsured motorist coverage, while it is uninsured motorist coverage that it at stake here. The parties agree that the latter distinction is not material, but they argue vigorously over whether the former distinction should dictate an outcome that is different from that reached by the Supreme Court in Willoughby.
The issue for the Supreme Court was one of statutory construction, and the Court summarized the situation as follows:
 To summarize, we are presented with § 38a-336, which requires underinsured motorist coverage according to the regulations promulgated by the insurance commissioner pursuant to § 38a-334. Section 38a-334(a) encompasses various classes of motor vehicles, motor vehicles with a commercial registration, motorcycles, motor vehicles used to transport passengers for hire, motor vehicles used to transport passengers for hire, motor vehicles in livery service and vanpool vehicles. The private passenger motor vehicle classification is defined in § 38a-363(e)(6), which brings within the CT Page 12871 classification "a vehicle with a commercial registration, as defined in subdivision (12) of [§ 14-1(a)]. . . ." Section 14-1(a)(12) excepts from its general definition of commercial registration "a more specific type of registration . . . authorized and issued by the commissioner" for the class of vehicle previously described in the general definition, namely, "any motor vehicle designed or used to transport merchandise, freight or persons in connection with any business enterprise. . . ." Id., 422-23.
The parties in Willoughby stipulated to the fact that the vehicle at issue, which, like this one, bore municipal license plates, was used by firefighters employed by the defendant to transport medical emergency equipment and technicians to emergency calls, and the Court therefore concluded that "the vehicle at issue in this case is not a "motor vehicle with a commercial registration' pursuant to § 38a-363(e)(6), and therefore does not fall under the private passenger motor vehicle classification in § 38a-334 for which underinsured motorist coverage is mandated pursuant to § 38a-336." Id., 423. There is no such stipulation by the parties here, but the undisputed facts require the court to conclude as a matter of law that this vehicle as well "is not a "motor vehicle with a commercial registration' pursuant to §38a-363(e)(6), and therefore does not fall under the private passenger motor vehicle classification in § 38a-334 for which underinsured motorist coverage is mandated pursuant to § 38a-336."
The plaintiffs ask this court to conclude that the Supreme Court intended to limit Willoughby to emergency vehicles, but there is nothing in the Court's opinion that compels such a conclusion. The vehicle in each case is a Ford 350 truck owned by the municipality and modified to carry out one of that municipality's functions. In both instances, the vehicle bore municipal registration plates, and in both cases there was no evidence that the vehicle was used for any business activity. The plaintiffs here have argued that the "gardening and landscaping purposes for which the vehicle in the present case was used is a typical commercial enterprise," but they have provided the court with no authority for the proposition that when carried out by a municipality, such activities may be deemed "commercial" even though they are not performed for profit. The transport of emergency personnel and supplies, when done by private emergency medical services providers, would certainly be a part of a commercial activity, and the vehicle involved in such an activity would be deemed a commercial vehicle, and hence a private passenger vehicle, for purposes of determining the obligation to provide uninsured motorist coverage. Our Supreme Court, however, saw no CT Page 12872 reason to conclude that such logic rendered the vehicle in Willoughby a commercial vehicle, and there is similarly no reason for such a conclusion here. To qualify as a private passenger vehicle, this vehicle would have to be one for which a commercial registration would be required, and such a registration is required only if the vehicle is actually, not hypothetically, being used in connection with a business enterprise. There is no requirement that a municipal vehicle be classified as "commercial" just because the same activity for which the vehicle is utilized, if carried out by a private entrepreneur, would be a business enterprise.
Dissenting in Willoughby, our Chief Justice lamented his conclusion that the majority's "decision exempts every heavy municipal truck from [uninsured/underinsured motorist] coverage and deprives a great number of accident victims of that coverage." Id. 440. He is probably correct, but that is a result that will have to be addressed in the legislature, not the courts.
Because the undisputed facts demonstrate that as a matter of law, the defendant was exempted from providing uninsured motorist coverage for the vehicle in which the plaintiffs were riding when they were injured by an uninsured tortfeasor, the defendant is entitled to judgment as a matter of law. The motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge